UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                Case No. 09-20194

       Plaintiff,                          Hon. Sean F. Cox
                                      United States District Judge
vs.

ANTHONY DUANE GOODWATER,

       Defendant.
_____/

## REVOCATION OF RELEASE AND ORDER OF DETENTION
## AND ORDER PROHIBITING SALE OR TRANSFER OF PROPERTY

In this action, Defendant Anthony Duane Goodwater ("Defendant") was charged with Bank Fraud, in violation of 18 U.S.C. § 1344, and Identity Theft, in violation of 18 U.S.C. § 1028 (a)(7).

Defendant appeared for a detention hearing before Magistrate Judge Michael Hluchaniuk on February 27, 2009. Defendant was subsequently released on an unsecured bond with a number of conditions, including the condition that Defendant "**shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed**." (Docket Entry No. 3, Order Setting Conditions of Release at 1) (emphasis added).

On June 26, 2009, Defendant pleaded guilty pursuant to a Rule 11 Plea Agreement. On June 26, 2009, this Court scheduled Defendant to be sentenced on October 23, 2009 at 11:30 a.m. in Flint, Michigan. (*See* 6/26/09 Minute Entry). Defendant and his counsel were both present when the Court, on the record, scheduled the sentencing for October 23, 2009.

1

Defendant acknowledges that he has been aware of the sentencing date for approximately four months.

At no time prior to October 23, 2009, did Defense Counsel request any adjournment of the October 23, 2009 sentencing. Prior to the sentencing date, Defendant did state to Defense Counsel that he was sick and would be unable to attend the sentencing. Defense Counsel advised Defendant that unless Defendant could provide Defense Counsel with documentation from a physician prior to the hearing, Defense Counsel would not be able to obtain an adjournment from the Court. Defense Counsel did not receive any such documentation from Defendant prior to the hearing and Defense Counsel directed Defendant to appear for the sentencing as scheduled.

On October 23, 2009, the Government and Defense Counsel appeared for the scheduled sentencing at 11:30 a.m., as did several victims who desired to give statements. Defendant did not appear.

As a result, the Government filed a "Petition for Issuance of Bench Warrant and Forfeiture of Bond," requesting that the Court forfeit Defendant's bond, revoke his right to bail, and issue a Warrant of Arrest for Defendant's arrest. This Court issued the requested Order and Warrant on October 23, 2009 at 12:15 p.m. (Docket Entry No. 18).

The United States Marshals then attempted to locate Defendant at his residence, without success. The Marshals then attempted to locate Defendant at the work address that Defendant had provided to the Probation Department. The Marshals were advised by those present at that address, however, that they did not know Defendant and had no knowledge of Defendant

working there.

Ultimately, the Marshals attempted to locate Defendant at his girlfriend's residence. When they arrived, Defendant's girlfriend initially told the Marshals that Defendant was not at her residence. Nevertheless, Defendant was ultimately found at his girlfriend's residence, on his girlfriend's bed, fully clothed, in street clothes. Defendant was then transported to the Courthouse for the hearing on the Government's petition to revoke bond.

The circumstances where a person released under 18 U.S.C. § 3142 is charged with violating the conditions of his or her release is governed by 18 U.S.C. § 3148. If a person is found to have violated the conditions of release, that person can have their release revoked and an order of detention can be entered.

Where such an allegation is made, a hearing should be conducted and if, after the hearing, it is determined that (1) there is probable cause to believe that a crime has been committed or (2) clear and convincing evidence that another violation has been committed, and, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or, the person is unlikely to abide by any condition or combination of conditions of release, the person "shall" be detained. § 3148(b)(1) and (2). Additionally, if there is probable cause to believe that the person has committed a felony while on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community. *Id*.

At the bond revocation hearing held on October 23, 2009, the Government moved for the

detention of the Defendant based upon his wilful failure to appear for sentencing.

At the hearing, Defendant did not contest that he failed to appear for the scheduled sentencing, nor did he contest that he was located at his girlfriend's residence, on her bed, fully clothed in street clothes. Counsel for Defendant asserted, however, that Defendant did not appear for sentencing because he is ill and a doctor restricted him to bed rest.

At the bond revocation hearing, Defendant presented the Court – for the first time – with a letter purportedly from Marty W. Martin, M.D. The letter provided to the Court states that Defendant was instructed to "stay at home in bed" for a three day period. The form letter is not addressed to the Court and it contains no information whatsoever as to any diagnosis or even the nature of any illness or condition of Defendant that would require bedrest.

Notably, although Defendant claims to have seen his doctor on October 22, 2009, and the letter produced by Defendant is dated October 22, 2009, no request for an adjournment was made prior to the scheduled sentencing. Moreover, Defendant was not found at his own residence. Rather, he was found at this girlfriend's residence, and only after she initially denied his presence to the Marshals. Although Defendant was found on a bed at the residence, he was fully dressed in street clothes.

The Court finds that Defendant's testimony and explanation for his non-appearance is not credible. After hearing the testimony and considering all of the circumstances of this matter, the Court finds by clear and convincing evidence that Defendant has wilfully failed to abide by the conditions of his release by not reporting to this Court for sentencing. The Court further finds that Defendant is unlikely to abide by the conditions of bond in the future.

**IT IS THEREFORE ORDERED** that the bond previously set in this matter is **REVOKED** and that Defendant is hereby remanded to the custody of the United States Marshal.

**IT IS FURTHER ORDERED** that, due to the conduct at issue in this action and the large amount of restitution involved, until further order of this Court, Defendant is **PROHIBITED FROM SELLING OR TRANSFERRING ANY REAL OR PERSONAL PROPERTY WITHOUT PRIOR WRITTEN AUTHORIZATION FROM THIS COURT.**

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 28, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 28, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager